IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK RICE and FRANCESCA RICE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0416 |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL | § | |
| ASSOCIATION, SUCCESSOR IN | § | |
| INTEREST TO WASHINGTON MUTUAL | § | |
| BANK, SUCCESSOR IN INTEREST TO | § | |
| LONG BEACH MORTGAGE COMPANY; | § | |
| LONG BEACH SECURITIES CORP.; | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| INC.; U.S. BANK, N.A., AS | § | |
| SUCCESSOR TRUSTEE TO WACHOVIA | § | |
| BANK, N.A. (FORMERLY KNOWN AS | § | |
| FIRST UNION NATIONAL BANK) AS | § | |
| TRUSTEE FOR LONG BEACH MORTGAGE | § | |
| LOAN TRUST 2002-1, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Mark Rice and Francesca R. Rice ("Plaintiffs") sued

Defendants JPMorgan Chase Bank, N.A., ("JPMC"), Long Beach

Securities Corp. ("Long Beach"), Select Portfolio Servicing, Inc.

("SPS"), and U.S. Bank, N.A. ("U.S. Bank") (collectively,

"Defendants") in County Court at Law 1, Fort Bend County, Texas,

under Cause No. 15-CCV-054402.[1] Defendants removed to this court.[2]

---

[1]See Register of Actions, Exhibit C to Notice of Removal, Docket Entry No. 1-3, pp. 1-2; Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4.

[2]See Notice of Removal, Docket Entry No. 1. As of the date of
(continued...)

Pending before the court are Defendants SPS's and U.S. Bank's Motion to Dismiss and Motion for Judgment on the Pleadings (Docket Entry No. 5) and Defendants JPMC's and Long Beach's Motion to Dismiss (Docket Entry No. 7) (collectively, the "Motions to Dismiss"). For the reasons stated below, the Motions to Dismiss will be granted, and this action will be dismissed with prejudice.

## I.  Background

On February 14, 2002, the property at 142 Keswick Court in Fort Bend County, Texas, was conveyed to plaintiff Francesca R. Rice by warranty deed with a vendor's lien in favor of Long Beach Mortgage Company, identified therein as "Lender."[3] According to Plaintiffs' Petition, that same day Plaintiffs executed a note (the "Note") in favor of Long Beach Mortgage Company in the amount of $224,000.[4] Plaintiffs also entered into a deed of trust agreement (the "Deed of Trust"), securing the Note and naming Long Beach Mortgage Company as the beneficiary.[5] Plaintiffs allege that after

---

[2](...continued)
removal, JPMC and Long Beach had not been served and therefore did not join the notice of removal. Id. at 3 ¶ 7.

[3]Warranty Deed with Vendor's Lien, Exhibit D to Affidavit of Joseph R. Esquivel Jr., Exhibit A to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 43.

[4]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 3 ¶ 11. The court has not identified a copy of the note in the record.

[5]Deed of Trust, Exhibit D to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 53.

February 14, 2002, Long Beach Mortgage Company sold the Note to Long Beach Securities Corp.,[6] and that the note was then securitized into the Long Beach Mortgage Loan Trust 2002-1 pursuant to a pooling services agreement ("PSA").[7]

On or about June 10, 2011, JPMC, as successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company, assigned the Deed of Trust "together with the indebtedness or obligation described [therein]" to U.S. Bank, as successor trustee to Wachovia Bank, N.A., trustee for the Long Beach Mortgage Loan Trust 2002-1.[8]  The Assignment was filed and recorded in Fort Bend County on June 27, 2011.[9]  On December 30, 2014, SPS sent Plaintiffs a letter informing them that SPS had "referred [their] account for legal action," but that they might "still be able to avoid foreclosure."[10]  On February 3, 2015, the day after Plaintiffs filed their state court Petition in this case, Plaintiffs filed a Memorandum of Points and Authorities in support

_____

[6]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 3 ¶ 14.

[7]Id. at 5 ¶ 18.

[8]Assignment of Deed of Trust, Exhibit F to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 60.

[9]Id. at 62.

[10]Letter, Exhibit G to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-5, pp. 64-65.

of a temporary restraining order.[11]   That Memorandum indicates a Trustee Sale Date of February 3, 2015.[12]   Defendants removed on February 13, 2015.[13]

## II.   <u>Motions to Dismiss Under Rule 12(b)(6)</u>

### A.   **Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. <u>Id.</u>

To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct.

---

[11]Memorandum of Points and Authorities, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-5.

[12]<u>Id.</u>

[13]Notice of Removal, Docket Entry No. 1.

1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted). The court will "'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009) (internal quotation marks and citation omitted).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir.

2007) (citing <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The court is mindful that Plaintiffs in this case are proceeding *pro se*. "It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citation omitted). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Id.</u> (same).

## B.   Analysis

Plaintiffs have asserted causes of action for breach of contract, slander of title, and violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs also seek various declarations pertaining to the securitization and enforcement of their Note and Deed of Trust. Defendants have moved to dismiss all of Plaintiffs' claims.

### 1.   Breach of Contract

To prevail on a breach of contract claim under Texas law a plaintiff must prove: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. <u>Lewis v. Bank of America NA</u>,

343 F.3d 540, 544-45 (5th Cir. 2003) (citing <u>Palmer v. Espey</u> <u>Huston & Assocs.</u>, 84 S.W.3d 345, 353 (Tex. App.—Corpus Christi 2002, pet. denied)).  "[A] party to a contract may not bring a suit for the contract's breach if that party, itself, is in default." <u>Ybarra v. Wells Fargo Bank, N.A.</u>, 575 F. App'x 471, 474 (5th Cir. 2014) (citing <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378 (Tex. 1990)).

Plaintiffs' Note was secured by a Deed of Trust in favor of Long Beach Mortgage Company, of which company defendant JPMC is the successor in interest.[14]   The Deed of Trust was subsequently assigned to U.S. Bank.[15]   The Deed of Trust contains a release provision:   "Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument."[16] Plaintiffs allege that Long Beach Mortgage Company "being paid all sums due upon the Rice Note sold the Rice Note to Long Beach

_____

[14]Deed of Trust, Exhibit D to Petition, Exhibit A to Defendant's Supplement to Notice of Removal, Docket Entry No. 4-1, p. 53; see Assignment of Deed of Trust, Exhibit F to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-5, p. 60 (identifying JPMC as successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company).

[15]Assignment of Deed of Trust, Exhibit F to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-5, p. 60.

[16]Deed of Trust, Exhibit D to Petition, Exhibit A to Defendant's Supplement to Notice of Removal, Docket Entry No. 4-1, p. 56 ¶ 22.

Securities Corp," but that Long Beach Mortgage Company "failed to release the Rice DOT."[17]

Plaintiffs' Petition does not allege that Plaintiffs paid off the Note or otherwise performed under the contract.   In their Response, Plaintiffs state that they made payments under the Note and/or Deed of Trust "_until_ Plaintiffs realized that . . . the Deed of Trust was contractually required to be released and had not been."[18]   Plaintiffs contend that "[t]he terms of the contract do not say for whom or how payment must come."[19]   Plaintiffs appear to argue that because the original lender, Long Beach Mortgage Company, sold Plaintiffs' mortgage, "all sums secured by [the] Security Instrument" have been paid, and therefore Long Beach Mortgage Company was obligated to release the Deed of Trust.[20]   The court is not persuaded.   The Deed of Trust contemplates sale of the Note and transfer of the security instrument:   "The Note or a

---

[17]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, pp. 3-4 ¶¶ 14-15.   JPMC and Long Beach Securities Corporation argue that plaintiffs have not identified any contract with them and have not named Long Beach Mortgage Company in this suit.   See Defendants' Motion to Dismiss, Docket Entry No. 7, p. 3 ¶ 9.   The court need not address this issue as Plaintiffs' claim fails regardless of which Defendant is implicated.

[18]Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings ("Plaintiffs' Response"), Docket Entry No. 8, p. 2 ¶ 6 (emphasis added).

[19]Id. at 3.

[20]Id.

partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower."[21]   It further provides that "[t]he covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower."[22]  These provisions would be nonsensical if the lender were required to release the Deed of Trust upon the sale of the note.   Furthermore, by its terms the Deed of Trust "secures" to the beneficiary "repayment of the debt evidenced by the Note,"[23] an obligation clearly placed on the borrower, i.e., Plaintiffs.[24]   The "sums secured by [the] Security Instrument" would therefore appear to be all payments due from Plaintiffs under the Note, not the consideration received in a sale or other transfer of the Note itself.[25]  Plaintiffs have not pleaded

---

[21]Deed of Trust, Exhibit D to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 56 ¶ 19.

[22]Id. at 55 ¶ 12.

[23]Id. at 53.

[24]E.g., id. ("Borrower owes Lender the principal sum . . . .); id. at 54 ¶ 1 ("Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note . . . .); see id. at 53 (This Security Interest secures . . . the performance of Borrower's covenants and agreements).

[25]Other courts have recently rejected identical arguments from other pro se litigants.  See Conrad v. SIB Mortg. Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *6 (N.D. Tex. Mar. 6, 2015) ("To the extent plaintiffs interpreted the various assignments of the note as constituting full payment as contemplated by paragraph 19 of the deed of trust, they are mistaken. . . . The 'payment of
(continued...)

a plausible claim for breach of contract, and this claim will be dismissed.

## 2.   Slander of Title

"To recover in an action for slander of title, a party must allege and prove: (1) uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale." Wise v. Conklin, No. 01-13-00840-CV, 2015 WL 1778612, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no. pet.). To recover, a plaintiff must plead and prove a pending sale that was defeated by the slander. Shell Oil Co. v. Howth, 159 S.W.2d 483, 490 (Tex. 1942). Allegations of impaired market value or vendability are insufficient. A. H. Belo Corp. v. Sanders, 632 S.W.2d 145, 145-46 (Tex. 1982); Davis v. Countrywide Home Loans, Inc., 1 F. Supp. 3d 638, 646 & n.9 (S.D. Tex. 2014).

---

[25] (...continued)
all sums' language is clearly intended to refer to the borrower's obligation to pay all outstanding sums due under the terms of the note, an event that plaintiffs do not contend has occurred."); cf. Barrett v. Bank of America, N.A., No. 3:14-CV-3389-B, 2015 WL 668488, at *5 (N.D. Tex. Feb. 17, 2015) ("Unlike Defendants, the Court does not take Plaintiff to assert that 'investors' paid her Note in full when they transferred her Note to a pooled security, although the Court agrees with Defendants that such a theory would be implausible if alleged."); see also Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 199 (4th Cir. 2014) ("As any first-year law student can attest, we must read the Deed of Trust as a whole . . . . Applying this principle, it is clear that the release provision is triggered only if the [Plaintiffs] satisfy their contractual obligations.").

Plaintiffs allege that the recording of the June 10, 2011, assignment of the Deed of Trust from JPMC to U.S. Bank was "a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to Plaintiffs['] claim of title."[26]   Specifically, Plaintiffs allege that the "security interest as collateral to the Rice Note had been dissolved by operation of law,"[27] that "one cannot sell what one does not own,"[28] that "an Assignment cannot memorialize a sale that never took place,"[29] and (therefore) "[t]hat false statement was made with malice to improperly attempt an assignment that was not eligible to be recorded."[30]   Plaintiffs allege that this false statement "caused Plaintiffs and continues to cause Plaintiffs financial, emotional, and special damages" because Defendants knew that the Deed of Trust had been "dissolved by operation of law," and Defendants "willfully elected to claim rights over an alternate means of collection."[31]   Plaintiffs further allege that "[a]s a consequence of Defendants' actions or inaction, Plaintiffs cannot

---

[26]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 9 ¶ 38.

[27]Id. at 10 ¶ 38d.

[28]Id. at 9 ¶ 38b.

[29]Id. at 10 ¶ 38c.

[30]Id. ¶ 38d.

[31]Id. ¶ 38e.

in good faith transfer equitable, legal or marketable title to the Property."[32]

Putting aside the first five elements of a claim for slander of title, Plaintiffs have failed to allege the loss of a specific sale. Plaintiffs argue that "Defendants [are] the part[ies] attempting to sell the property in foreclosure, which is a sale of the property as a loss to Plaintiff."[33] The court is not persuaded. Plaintiffs' complaint lacks an allegation regarding an element necessary to obtain relief, and dismissal is proper.

3.  FDCPA

Plaintiffs allege that SPS violated various provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. "The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). "The term 'debt collector' means any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. The term "debt collector" does not include a person attempting to collect a debt that "was not in default at the time it was obtained by such person." § 1692a(6)(F). "The legislative history of section 1692a(6)

---

[32]Id. ¶ 40.

[33]Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, Docket Entry No. 8, p. 4.

indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." <u>Perry</u>, 756 F.2d at 1208.  In the case of a mortgage servicer, the relevant issue is when the party took the mortgage for servicing.  <u>Castrillo v. Am. Home Mortg. Servicing, Inc.</u>, 670 F. Supp. 2d 516, 524 (E.D. La. 2009).  If the servicer took the debt before default, the servicer is not a "debt collector"; if it took the debt after default, the servicer is a "debt collector." <u>Id.</u>

Plaintiffs allege that SPS "is an unknown entity and 'debt collectors' as defined by the FDCPA . . . attempting to collect a 'debt' as defined by [the FDCPA]."[34]  Attached to Plaintiffs' petition is a letter from SPS stating that SPS is "the mortgage servicer on the above referenced account," but also stating that "[t]his communication from a debt collector is an attempt to collect a debt."[35]  Plaintiffs allege that SPS "acquired the alleged non-existent debt [from JPMC] as a debt in default, and its

---

[34]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 11 ¶ 37.  Inexplicably, Plaintiffs' Petition also references sections of the Nevada Revised Statutes pertaining to collection agencies.  <u>See</u> <u>id.</u> ¶¶ 38-40. Plaintiffs have not pleaded any substantive violations of Nevada law.  Furthermore, Plaintiffs have not offered any reason to apply Nevada law in this case, and the court sees none.

[35]Letter, Exhibit G to Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-5, pp. 64-65.

collection activities were based on that understanding."[36]  However, Plaintiffs also state: "Plaintiff further contends she is absolutely not in default and does not owe a debt to Select Portfolio Servicing Inc."[37]   Nevertheless, in their Response, Plaintiffs appear to concede that they stopped making their mortgage payments,[38] and they state that "Plaintiff's Deed of Trust has been in foreclosure since 2010 and SPS acquired the debt in 2014."[39]  In an apparent attempt to reconcile the two positions, "Plaintiffs maintain that the debt is not in default, but that the servicer, Select Portfolio Servicing, Inc. (SPS) has 'asserted to be in default,'" and "the debt was attained while they would have precluded [sic] that the loan was in default."[40]

Even if these allegations are sufficient to allege that SPS is a debt collector subject to the FDCPA, Plaintiffs fail to allege facts sufficient to support their substantive claims.  Plaintiffs' primary substantive claim is that SPS violated § 1692e by making false, deceptive, or misleading representations.[41]  In addition to

---

[36]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 11 ¶ 41.

[37]Id. at 12 ¶ 45.

[38]See Plaintiffs' Response, Docket Entry No. 8, p. 2 ¶ 6.

[39]Id. at 5 ¶ 17.

[40]Id. at 5-6 ¶¶ 16-17.

[41]Petition, Exhibit A to Defendants' Supplement to Notice of
(continued...)

§ 1692e's general prohibition, Section 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of a debt.  Section 1692e(5) prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken.

Plaintiffs' claims revolve around three related allegations: (1) Plaintiffs are not in default, (2) Plaintiffs do not owe a debt to SPS, and (3) SPS does not have the right to enforce a debt against Plaintiffs.[42] Based on these allegations, Plaintiffs allege that SPS (A) falsely represented the character, amount and legal status of Plaintiffs' debt by stating that Plaintiffs are in default,[43] and (B) threatened to take legal action against Plaintiffs that SPS had no right to take.[44] Plaintiffs allege that SPS sent them monthly statements,[45] and Plaintiffs attach a letter from SPS notifying them that Plaintiffs' mortgage had been "referred for legal action," but that Plaintiffs might still avoid foreclosure.[46]

---

[41](...continued) Removal, Docket Entry No. 4-1, p. 12 ¶¶ 43-44; Plaintiffs' Response, Docket Entry No. 8, p. 5 ¶ 16.

[42]See Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, pp. 12-13 ¶¶ 42-46.

[43]Id. at 12 ¶ 44.

[44]Id. ¶ 43.

[45]Id. ¶ 42.

[46]Letter, Exhibit G to Petition, Exhibit A to Defendants' (continued...)

-15-

However, Plaintiffs have not alleged any facts to support the conclusory allegation that they are not in default on their loan. To the contrary, Plaintiffs appear to concede that they stopped making payments,[47] and they state that "the Deed of Trust has been in foreclosure since 2010."[48]  Likewise, Plaintiffs' allegation that they do not owe a debt to SPS is inconsistent with other allegations supporting the same claims.   Specifically, Plaintiffs allege that SPS is the current assignee of Plaintiffs' debt, having acquired it from defendant JPMC.[49]  Lastly, Plaintiffs have not alleged any facts to establish that SPS has "assert[ed] a right which it lacks, to wit, the right to enforce a non-existent debt."[50] Plaintiffs cite neither facts nor law that would lead to the reasonable inference that Plaintiffs' debt is "non-existent" or

---

[46](...continued)
Supplement to Notice of Removal, Docket Entry No. 4-5, pp. 64–65.

[47]Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, Docket Entry No. 8, p. 2 ¶ 6.

[48]Id. p. 5 ¶ 17.

[49]See Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 11 ¶ 41.  An Appointment of Substitute Trustee filed as an exhibit to Plaintiffs' Petition also identifies SPS as the mortgage servicer, representing the current mortgagee, U.S. Bank National Trust.  See Docket Entry No. 4-1, p. 40.

[50]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 12 ¶ 42.

otherwise invalid.[51]   Plaintiffs have failed to plead plausible claims for relief under §§ 1692e, 1692e(2)(A), or 1692e(5).

Plaintiffs also allege that SPS violated § 1692f and § 1692f(6).  Section 1692f prohibits, in general, the use of "unfair or unconscionable means to collect or attempt to collect any debt."  Plaintiffs argue that SPS used unconscionable means to collect a debt when it declared Plaintiffs in default despite their not, in fact, being in default.[52]  For the reasons discussed in the preceding paragraph, this argument is unavailing, and Plaintiffs have not pleaded sufficient facts to make out a plausible claim for relief.

Section 1692f(6), much like § 1692e(5) discussed above, prohibits "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property" if (a) "there is no present right to possession of the property claimed as collateral through an enforceable security interest," (b) "there is

---

[51]To the extent Plaintiffs imply that securitization of their mortgage somehow rendered the Note or Deed of Trust unenforceable, this and other courts have routinely rejected similar arguments.  See, e.g., Felder v. Countrywide Home Loans, No. H-13-0282, 2013 WL 6805843, at *15 (S.D. Tex. Dec. 20, 2013); Donnelly v. JP Morgan Chase, NA, No. H-13-1376, 2014 WL 429246, at *6 (S.D. Tex. Feb. 4, 2014); Warren v. Bank of America, N.A., No. 3:11-CV-3603-M, 2012 WL 3020075, at *6 (N.D. Tex. June 19, 2012) (collecting cases), report and recommendation adopted, No. 3:11-CV-3603-M, 2013 WL 1131252 (N.D. Tex. Mar. 19, 2013), aff'd, 566 F. App'x. 379 (5th Cir. 2014).

[52]Petition, Exhibit A to Defendants' Supplement to Notice of Removal, Docket Entry No. 4-1, p. 13 ¶ 46.

no present intention to take possession of the property," or
(c) "the property is exempt by law from such dispossession or
disablement." Plaintiffs allege that SPS "humiliated and belittled
Plaintiff to a point of oppression, in that Defendant has taken
illegitimate steps and threatened to unlawfully repossess or
disable the Plaintiff's property."[53]   Plaintiffs appear to be
referring to SPS's letter notifying Plaintiffs that their account
had been referred for legal action -- presumably foreclosure.[54]
However, Plaintiffs allegations that such actions are illegitimate
or unlawful are threadbare and conclusory.  Plaintiffs have pleaded
no facts giving rise to an inference that the Deed of Trust is
unenforceable, that the foreclosing party lacked a present
intention to take possession of the property, or that Plaintiffs'
property is otherwise exempt from foreclosure.  Plaintiffs have not
pleaded a plausible claim for relief under § 1692f(2).

Plaintiffs' other FDCPA claims fail as well.  Plaintiffs
allege that SPS harassed them in violation § 1692d "by repeatedly
sending Plaintiff monthly statements."[55]  This is insufficient to
make out a claim under § 1692d.  See Claude v. Wells Fargo Home
Mortg., No. 3:13-CV-00535 VLB, 2014 WL 4073215, at *7 (D. Conn.
Aug. 14, 2014) (collecting cases).  Plaintiffs also allege that SPS

---

[53]Id.

[54]Id. ¶ 47.

[55]Id. at 12 ¶ 42.

-18-

violated § 1692e(9) by falsely representing documents as authorized or issued by the State of Texas, specifically, by sending a notice of default.[56]  "Courts have generally limited the application of § 1692e(9) to egregious situations where the debt collector overtly impersonates a government agency or where it attempts to hide its identity by using a false alias."  <u>Osborn v. Ekpsz, LLC</u>, 821 F. Supp. 2d 859, 876 (S.D. Tex. 2011) (internal quotation marks and citation omitted).  Plaintiffs neither attach the notice of default nor plead any facts indicating how the notice of default might appear like a government document.  Plaintiffs have failed to plead plausible claims for relief under any section of the FDCPA.

4.   <u>Declaratory Relief</u>

Plaintiffs seek various declarations regarding the securitization of their loan and the enforceability of the Note and Deed of Trust.[57]  "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief."  <u>Val-Com Acquisitions Trust v. CitiMortgage, Inc.</u>, 421 F. App'x. 398, 400 (5th Cir. 2011); <u>see also</u> <u>Conrad v. SIB Mortg. Corp.</u>, No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. Mar. 6, 2015) ("A declaratory judgment action requires the parties to litigate some underlying claim or cause of action.").  Once a court dismisses all the underlying claims and causes of action

---

[56]<u>Id.</u> ¶ 45.

[57]<u>See</u> <u>id.</u> at 13–15.

against all defendants, there is no longer a basis for declaratory relief. <u>Val-Com</u>, 421 F. App'x at 401; <u>Conrad</u>, 2015 WL 1026159, at *7; <u>Davis v. Countrywide Home Loans, Inc.</u>, 1 F. Supp. 3d 638, 646 (S.D. Tex. 2014). Plaintiffs' requests for declaratory relief will therefore be denied.

### III.   <u>Conclusions and Order</u>

The court concludes that Plaintiffs have failed to plead plausible claims for relief for breach of contract, slander of title, or violation of the FDCPA. Therefore, Defendants SPS's and U.S. Bank's Motion to Dismiss and Motion for Judgment on the Pleadings (Docket Entry No. 5) and Defendants JPMC's and Long Beach Securities Corp.'s Motion to Dismiss (Docket Entry No. 7) are **GRANTED**, and this case will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 7th day of July, 2015.

_____

SIM LAKE

UNITED STATES DISTRICT JUDGE
